# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

VON THANH,

Petitioner,

v.

TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

_____/

Case No. 1:26-cv-00344-KES-SKO (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY GROUNDS TWO THROUGH FOUR OF THE PETITION AND TO DISMISS WITHOUT PREJUDICE GROUND ONE OF THE PETITION**

**[Doc. 1]**

**[10-DAY DEADLINE]**

Petitioner Von Thanh is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on January 16, 2026. (Doc. 1.) On January 20, 2026, the Court issued an order directing Respondents to show cause whether the petition was legally or factually distinguishable from prior cases in which the Court had granted relief, including: Vu v. Noem, No. 1:25-CV-01366-KES-SKO (HC) (E.D. Cal. Nov. 16, 2025); Duong v. Charles, No. 1:25-CV-01375-SKO (HC) (E.D. Cal. Nov. 14, 2025). (Doc. 6.)  On January 24, 2026, Respondents filed a response to the order to show cause demonstrating that the case is distinguishable. (Doc. 8.) For the reasons detailed below, the Court will recommend the petition be DENIED as to Grounds Two through Four, and DISMISSED WITHOUT PREJUDICE as to Ground One.

## BACKGROUND

Petitioner is a native and citizen of Cambodia who came to the United States as a refugee child in 1984.  (Doc. 8-1 at 3.) On January 25, 2007, he was ordered removed from the United States by an Immigration Judge. (Doc. 8-1 at 4.) Petitioner is currently subject to a final order of removal. (Doc. 8-1 at 4.)  In 2007, Petitioner was released on an Order of Supervision because removal to Cambodia at that time proved to be impossible. (Doc. 8-1 at 4.) Petitioner was then convicted of numerous violent crimes as noted in his lengthy 23-page RAP sheet. (Doc. 8-1 at 7-28.)

After Petitioner completed serving his sentence on his most recent violent crime, a first-degree robbery for which he served eight years in state prison, Petitioner was detained immediately by Department of Homeland Security ("DHS") upon his release on October 9, 2025. (Doc. 8-1 at 31.)  On the same date, Petitioner was advised that his order of supervision was being revoked due to his criminal conviction. (Doc. 8-1 at 31.) Petitioner was provided with an informal interview and stated he understood his criminal conviction was the reason for the revocation. (Doc. 8-1 at 31.)

On January 16, 2026, Petitioner filed the instant habeas petition seeking release on four grounds: (1) Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment because there is no significant likelihood of removal in the reasonably foreseeable future; (2) Petitioner's potential removal to a third country violates statutory and regulatory provisions which require Petitioner be provided with constitutionally and statutorily compliant notice and opportunity to respond; (3) Petitioner's punitive third-country banishment violates his Fifth and Eighth Amendment constitutional rights; and (4) Petitioner's revocation of release was unlawful because Respondents failed to notify Petitioner of the reason for his detention or an interview to respond to the reasons for revocation.

The Court finds no merit to the claims and will recommend the petition be denied as to Grounds Two through Four and dismissed without prejudice as to Ground One.

/////

/////

2

## DISCUSSION

**A.  Jurisdiction**

Before turning to the merits, the Court must first assure itself of jurisdiction.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).  Courts have long had jurisdiction to issue writs of habeas corpus to petitioners held in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C § 2241(c)(3).  In doing so, we carry out the "historic purpose of the writ," namely "to relieve detention by executive authorities without judicial trial." Zadvydas, 533 U.S. at 699.  But the Supreme Court has consistently "rejected" any suggestion that section 1252(g) covers all claims arising from deportation proceedings or imposes a general jurisdictional limitation.  Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 591 U.S. 1, 19 (2020).  Had Petitioner sought to challenge the Government's decision to execute his removal order, it would indeed bar this Court's review.  But because Petitioner's due process claim contests only his detention resulting from violations of the Government's mandatory duties under certain statutes, regulations, and the Constitution, the Court finds that it has jurisdiction to determine the lawfulness of Petitioner's detention.  See Arce v. United States, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [section 1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

**B.  Claims Two and Three – Removal to Third Country**

In Grounds Two and Three, Petitioner challenges his potential removal to a third country in violation of his constitutional rights. Petitioner does not present a prima facie claim for relief, as there is no indication or evidence that Respondents intend to remove Petitioner to a third country. As noted above, Petitioner has been ordered removed to his home country of Cambodia, and Respondents were attempting to accomplish this removal when Petitioner filed this petition. There is no evidence that a third country is being contemplated, and Petitioner does not allege that Respondents are proposing to remove him to a country other than Cambodia.

**C.  Claim Four – Regulations Regarding Re-Detention**

Petitioner claims that the way his release on supervision was revoked violated statute and

3

due process. This contention lacks merit.

Petitioner claims Respondents violated 8 C.F.R. § 241.13 when they failed to provide him with notification and an opportunity to respond upon his re-detention. Section 241.13 provides "special review procedures" governing ICE's authority to revoke a removable alien's release in cases where ICE has (1) previously determined "that there is no significant likelihood of removal in the reasonably foreseeable future," and then (2) subsequently seeks to revoke release based on changed circumstances resulting in a "determin[ation] that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."

As correctly stated by Respondents, however, section 241.13 is inapplicable in this case, because Petitioner was re-detained upon release from state custody after completing service of his state sentence. Petitioner was not re-detained due to a perceived changed in circumstances (such as a change in Cambodia's acceptance of the return of its citizens as noted in Vu v. Noem, No. 1:25-CV-01366-KES-SKO (HC) (E.D. Cal. Nov. 16, 2025), and Duong v. Charles, No. 1:25-CV-01375-SKO (HC) (E.D. Cal. Nov. 14, 2025)).  Rather, his detention is mandated under 8 U.S.C. § 1231(a)(2). Petitioner is subject to a final order of removal, and he was taken into DHS custody upon the completion of his sentence. Title 8 U.S.C. § 1231(a)(2) mandates: "During the removal period, [DHS] shall detain the alien."  Further, § 1231(a)(2)  provides that "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2), or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title." Petitioner's conviction for first degree robbery certainly qualifies under § 1227(a)(2), specifically § 1227(a)(2)(A)(iii). See United States v. Avalos, 162 F.4th 948, 953 (9th Cir. 2015) ("[R]obbery under California Penal Code § 211 . . . is an "aggravated felony" . . . under § 1227(a)(2)(A)(iii)."). Thus, the provisions providing for notice and an opportunity to respond after a finding of changed circumstances do not apply here. In any event, Petitioner was provided notice and an informal interview at the time of his re-detention and was advised he was being detained due to his criminal conviction. Accordingly, the claim lacks merit.

**D.  Claim One – Indefinite Detention**

Petitioner claims his indefinite detention violates his due process rights because there is no significant likelihood of removal in the reasonably foreseeable future, and no individualized determination was made to determine whether detention is justified based on danger or flight risk.

Petitioner is subject to a final order of removal. Therefore, 8 U.S.C. § 1231 governs his detention and removal. Under this statute, an alien is subject to an initial 90-day removal period during which detention is mandatory. 8 U.S.C. § 1231(a)(1),(2). After this period expires, ICE has discretion to continue detaining the alien or to release pending removal. 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, 533 U.S. 678, 682 (2001), the Supreme Court held that § 1231(a)(6) did not authorize the government to indefinitely detain a removable alien. The Supreme Court concluded that a detention period less than six months is presumptively reasonable. Id. Beyond that six-month period, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Petitioner has been detained four months since October 9, 2025.  Petitioner's four-month detention is within the six-month period determined by the Supreme Court to be presumptively reasonable. Petitioner offers nothing to overcome this presumption. The Court also notes that Respondents were ordered not to transfer Petitioner out of the district on January 20, 2026. (Doc. 6.) Accordingly, the Government cannot be faulted for failing to remove Petitioner to Cambodia from January 20, 2026, to the present.

Thus, Petitioner's continued detention is proper. Should detention continue beyond six months and Petitioner provides good reason to believe his removal is not significantly likely in the reasonably foreseeable future, the Court would reconsider this recommendation.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED:

1) The Petition for Writ of Habeas Corpus be DENIED as to Grounds Two, Three and Four; and

2) The Petition for Writ of Habeas Corpus be DISMISSED WITHOUT PREJUDICE as to Ground One.

5

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 11, 2026**                         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE