UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VON THANH, | Case No. 1:26-cv-00344 KES SKO (HC) |
| Petitioner, | A-Number: 027-340-839 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING GROUNDS TWO THROUGH FOUR, DISMISSING GROUND ONE WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| TONYA ANDREWS, WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | Doc. 14 |

Petitioner Von Thanh is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asserts the following grounds for relief: (1) his continued detention violates the Due Process Clause because there is not a significant likelihood of his removal in the reasonably foreseeable future; (2) ICE's procedures for removal of detainees to third countries violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, implementing regulations, and the Administrative Procedure Act"; (3) petitioner's removal to a third country would violate the Fifth and Eighth Amendments as a "punitive banishment policy and practice[]"; and (4) his continued detention violations the Due Process Clause, 8 C.F.R. § 241.13, and the Administrative Procedures Act because ICE failed to follow its procedures in re-detaining him.  *See* Doc. 1 at 13-17.

The assigned magistrate judge issued findings and recommendations to deny grounds two

1

through four of the petition and dismiss ground one without prejudice. Doc. 14. The magistrate judge observed that "Petitioner has been ordered removed to his home country of Cambodia, and Respondents were attempting to accomplish this removal when Petitioner filed this petition." *Id.* at 3. The magistrate judge found "no evidence that a third country is being contemplated, and Petitioner does not allege that Respondents are proposing to remove him to a country other than Cambodia." *Id.* As a result, the magistrate judge found grounds two and three—challenging potential removal to a third country—failed to "present a prima facie claim for relief." *Id.* The magistrate judge found ground four also lacked merit because "Petitioner was provided notice and an informal interview at the time of his re-detention and was advised he was being detained due to his criminal conviction." *Id.* at 4. The magistrate judge determined that "Petitioner's continued detention is proper" and was within the six-month presumptive period," and recommended dismissal without prejudice of ground one. *Id.* at 5.

On March 12, 2026, the Court served the findings and recommendations on all parties. Petitioner filed objections on March 23, 2026, arguing that there was no "good reason to believe that [his] removal is imminent" and that he was "just shy of the presumptive six months" in detention. Doc. 15 at 1. Petitioner maintains that he should be released immediately. *Id.* Respondents filed a response to the objections, noting that they have a currently valid "'Temporary Travel Document' for Petitioner from the Royal Embassy of Cambodia," and that "Petitioner will be removed from the United States and repatriated to his native Cambodia" once this case is resolved. Doc. 16 at 2. Respondents submitted a copy of the travel document. *Id.* at 3.

In accordance with 28 U.S.C. § 636 (b)(1), the Court reviewed this case de novo. Having carefully reviewed the file, including Petitioner's objections and the response, the Court concludes the findings and recommendations are supported by the record and proper analysis. Petitioner does not show any legal or factual errors by the magistrate judge.

The Court **ORDERS**:

1.      The findings and recommendations issued on March 12, 2026 (Doc. 14) are **ADOPTED** in full.

2.    Grounds two, three, and four of the petition are **DENIED**.

3.    Ground one of the petition is **DISMISSED** without prejudice.

4.    The Court **LIFTS** its prior restriction on transferring Petitioner Von Thanh out of this district.

5.    The Clerk of Court is directed to terminate pending matters and close the case.


IT IS SO ORDERED.

Dated:    April 10, 2026

UNITED STATES DISTRICT JUDGE

3